IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EPPENDORF AG, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 09-504 |
| NANOSPHERE INC. | : | |

## ORDER FOLLOWING PRETRIAL HEARING ON JUNE 10, 2010

The Court held a pretrial hearing on <u>Markman</u> issues and also on Plaintiffs' Motion to Compel and for Sanctions (Doc. No. 54) on June 10, 2010.

As to the <u>Markman</u> issues, the Court, with agreement by counsel on many issues, issued rulings on most of the claim construction issues. Counsel will confer with each other and advise the Court on any further agreements or disagreements as to three disputed terms,[1] by letter, forwarded to the Court by close of business on June 17, 2010, following which the Court will issue an Order with its final claim construction rulings. In view of the discussion with counsel, the Court does not intend to issue a lengthy Memorandum Opinion.

As to the Motion to Compel and for Sanctions:

1. As to Plaintiffs' claim that the Defendant improperly eliminated metadata from its production of documents and other things, at this time the Court does not make any finding as to whether this elimination was intentional, improper, deliberate, negligent, or otherwise. However, the Court will allow Plaintiffs, by June 17, 2010, to designate to Defendant those documents

---

[1] The three disputed terms are "determining the presence and quantification of precipitate(s) at the discrete region(s)," "correlating the presence and quantification of the precipitate(s) at the discrete region(s) with the identification and/or quantification of said target compound," and "wherein the possible presence and quantification of a precipitate is obtained by reflection, absorption or diffusion of a light beam upon said precipitate."

-1-

produced by Defendant for which Plaintiffs reasonably believe that they have a need to see the metadata. Defendant shall respond within one (1) week, asserting any objections or whether it will produce the metadata. In the absence of an objection, Defendant shall produce the metadata by June 30, 2010. As to any unresolved objections, the parties shall submit letter briefs to the Court concerning the reasons for their position by June 25, 2010 at 12 noon. If necessary, the Court will have a further telephone conference or in-court hearing.

2. As to the issues concerning Dr. Mirkin's documents, for reasons stated on the record, the Court finds that Defendant was obliged to produce, but unduly delayed the production of, documents relevant to this case in the possession, custody, or control of Dr. Mirkin. By June 17, 2010, Plaintiffs shall serve on Defendant a specific list of those documents or other things which Plaintiffs believe are in the possession, custody, or control of Dr. Mirkin and relevant to this case and have not been produced, but should be produced at this time. Within one (1) week, Defendant shall respond to this list, item-by-item, and either agree to produce documents, or advise that the materials are not in Defendant's or Dr. Mirkin's possession, custody, or control. Other than an assertion of privilege, no other objection to production will be allowed. Any former or existing objections to the production of materials in the possession, custody, or control of Dr. Mirkin are overruled. All such documents should be produced to Plaintiffs no later than June 30, 2010. If an objection has not been resolved, the issue shall be submitted to the Court by letter briefs, no later than June 25, 2010 at 12 noon.

3. As to invalidity contentions, both parties shall, within one (1) week of the Court's issuing its <u>Markman</u> ruling, serve invalidity contentions.

4. No later than July 30, 2010, to the extent necessary, Plaintiffs may request an

evidentiary hearing on other matters raised in its Motion, specifically Plaintiffs requesting relief broader than additional discovery by Defendant.

5. Within one (1) week following the production of documents in the possession, custody, or control of Dr. Mirkin, defense counsel shall, after appropriate consultation with Defendant and its officers and general counsel, provide a written certification to Plaintiffs' counsel that Defendant has produced all documents in Mirkin's possession, custody, or control relevant to the issues in this case.

6. Defendant shall promptly make any revisions to its privilege log necessary by its additional investigation, particularly as to Dr. Mirkin's materials.

7. Fact/expert discovery is extended to August 30, 2010. Any deposition transcript, which a party wishes considered for the September 1, 2010 filing of a dispositive motion but has not been completed, may be submitted directly to chambers by September 14, 2010.

8. The Court will hold under advisement any requests for attorneys fees or other sanctions in connection with Plaintiffs' Motion.

BY THE COURT:

Date: 6/14/10

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\DE Cases\09-504 Eppendorf v. Nanosphere\Eppendorf - Order 6-10-10 hearing.wpd

fax
cc: Poff
    Warnecke
    Connolly
    Sandercock