# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON

CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY
ADAM W. POFF
SEAN M. BEACH
JOSEPH M. BARRY
SHARON M. ZIEG
DAVID R. HURST
TIMOTHY E. LENGKEEK
MATTHEW B. LUNN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6554
DIRECT FAX: (302) 576-3467
kkeller@ycst.com

RYAN M. BARTLEY
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
EMILY V. BURTON
ERIKA R. CAESAR
JEFFREY T. CASTELLANO
DOUGLAS T. COATS
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
JUSTIN P. DUDA (NY ONLY)
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
MARIS FINNEGAN
WILLIAM E. GAMGORT
MARGARET WHITEMAN GREECHER
SEAN T. GREECHER
MEGAN C. HANEY
A. DAVID HANSEN
STEPHANIE L. HANSEN
JAMES L. HIGGINS
LAUREN HUDECKI
PATRICK A. JACKSON

SPECIAL COUNSEL
KAREN L. PASCALE

KAREN E. KELLER
JENNIFER M. KINKUS
SARA BETH A. R. KOHUT
EVANGELOS KOSTOULAS
PILAR G. KRAMAN
JOHN C. KUFFEL
ANDREW A. LUNDGREN
JAIME N. LUTON
ANDREW L. MAGAZINER
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
TAMMY L. MERCER
MARIBETH L. MINELLA
LAUREN E. MOAK
MICHAEL S. NEIBURG
JENNIFER R. NOEL
ROBERT F. POPPITI, JR.
NICHOLAS J. ROHRER
ANDREW E. RUSSELL
JUSTIN H. RUCKI
CHERYL A. SANTANIELLO
MORGAN L. SEWARD
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
JAMES M. YOCH, JR.

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

July 13, 2010

**BY CM/ECF**
The Honorable Michael M. Baylson
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne Federal Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re: *Eppendorf AG, Eppendorf Array Technologies S.A., and Eppendorf North America, Inc. v. Nanosphere, Inc.*, Civil Case No. 09-CV-504-MMB

Dear Judge Baylson:

We represent Plaintiffs Eppendorf AG, Eppendorf Array Technologies, S.A., and Eppendorf North America, Inc. (collectively "Eppendorf") in the above referenced action, and we are writing in regard to two issues.

We first write pursuant to Paragraph 6 of the Court's "Pretrial and Trial Procedures – Civil Cases" [D.I. 14] to apprise the Court of a dispute under the Scheduling Order [D.I. 51] relating to Eppendorf's identification of Dr. Karen Becker (an expert relating to Eppendorf's request for an injunction), and seek clarification as to whether the Scheduling Order contemplated injunctive relief (and experts) and/or leave of the Court, if necessary, to use Dr. Becker as an expert in connection with its request for an injunction. Eppendorf requests the Court's indulgence in this expedited request as expert reports are due later this week on July 15, and/or a teleconference at the Court's earliest convenience, should the Court wish additional information. Eppendorf is also prepared to file a formal motion seeking leave should the Court wish briefing on this issue.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

July 13, 2010
The Honorable Michael M. Baylson
Page 2

Secondly, we are writing to seek the Court's clarification as to the location (*i.e.*, Wilmington or Philadelphia) and timing of trial. With the time for trial rapidly approaching Eppendorf requests that the Court clarify the issue in the near future so that the parties may make the necessary hotel, travel and vendor arrangements for trial.

1. **Eppendorf Injunction Expert Dr. Becker**

This letter specifically addresses Eppendorf's identification of an injunction expert under Paragraph 5 of the Scheduling Order [D.I. 51] which sets the date to identify "liability and damages" for April 1, 2010. Eppendorf identified its "liability and damages" experts by April 1. Thereafter, while working with its previously named liability and damages experts, and in-house witnesses in developing its injunction case, it became clear to Eppendorf that an expert to provide testimony relating to FDA regulatory and approval issues could assist the Court in ruling on Eppendorf's request for an injunction, should infringement be found. Eppendorf, in an abundance of caution, immediately identified its injunction expert, Dr. Becker, on June 28, 2010. Nanosphere did not raise an objection to Dr. Becker until a week later on July 6 asserting that her identification was untimely. The parties subsequently had a meet and confer but were unable to resolve the issue.

As noted, Eppendorf is not sure how (or if) the Scheduling Order contemplates discovery on injunction issues. In other cases, we have seen time set aside post-trial for injunction discovery and briefing, but we have become aware of a recent Western District of Pennsylvania decision, which seems to limit injunction evidence to what has been elicited pre-trial. *Judkins v. HT Window Fashions Corp.*, __ F.Supp.2d __, 2010WL1292158 at *2-4 (W.D. Pa. March 31, 2010). Eppendorf thus thought it prudent to do everything possible to supplement discovery on the injunction issue, although the Scheduling Order never specifically addresses the injunction issue.

As such, it is not clear whether Dr. Becker, as an injunction expert, falls within the category of "liability or damages expert" as contemplated in the Scheduling Order, as an injunction is equitable relief. Nanosphere moreover has not identified any prejudice it would suffer as a result of Dr. Becker submitting an expert report, and Eppendorf has advised Nanosphere that it is prepared to promptly submit Dr. Becker's injunction expert report on July 15 with the liability and damages reports required under the Scheduling Order [D.I. 51]. By objecting as it has, Nanosphere is seeking to prevent or unduly limit Eppendorf's ability to put on its injunction case. Nanosphere has objected to Eppendorf's request for an injunction asserting that Eppendorf untimely disclosed that it was seeking an injunction and the legal theory thereof; although Eppendorf stated it was seeking an injunction in the Complaint [D.I. 1], and Nanosphere did not serve discovery relating to Eppendorf's request for an injunction until July 8, 2010, after well after Eppendorf identified Dr. Becker.

In view of the above, Eppendorf requests that the Court clarify whether the Scheduling Order applies to injunctive relief testimony and whether leave of the Court will be necessary to use Dr. Becker as an expert. Should the Court request a formal briefing, Eppendorf is prepared

YOUNG CONAWAY STARGATT & TAYLOR, LLP

July 13, 2010
The Honorable Michael M. Baylson
Page 3

to file a motion requesting leave to modify the Scheduling Order to allow Dr. Becker to provide expert testimony in this case, in which Eppendorf will explain why it was not dilatory in identifying Dr. Becker, why the case should not be delayed and how Nanosphere will suffer no prejudice if Dr. Becker provides expert testimony.

**2.  Location and Timing of Trial**

As the Court is aware, the time for trial is rapidly approaching, with this case to go into the trial pool on November 1. However, it is not clear whether the Court intends to conduct trial in Wilmington, DE or Philadelphia, PA; or when the trial will be held. Plaintiff Eppendorf filed the case in Delaware and respectfully submits that the trial should be held in Wilmington, Delaware before a Delaware jury.

Additionally, since both parties and trial Counsel will be traveling, and Plaintiff is located in Europe, to the extent possible Eppendorf requests the Court to provide a date certain for the trial so that the parties may make arrangements with vendors and make the necessary hotel reservations. Eppendorf respectfully requests that the Court provide this guidance as soon as possible as the hotels are filling up, and it is necessary for the parties to start making reservations.

Should the Court wish to discuss these matters, Eppendorf requests a teleconference tomorrow or at the Court's earliest convenience.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller

cc: Clerk of the Court (by CM/ECF)
Counsel of Record (by CM/ECF and electronic mail)